WITHEE, *in error, versus* PRESTON.

The provision in the Revised Statutes, chap. 115, sect. 96, which prohibits the allowance of cost in any action founded upon a judgment, *if commenced within the time when an execution might have been issued thereon,* was prospective only.

In *such* an action, commenced within *such* time but *prior to the Revised Statutes,* it was not erroneous to allow cost, although such action did not come to judgment till after the passage of the Revised Statutes.

ERROR.

Preston recovered a judgment against Withee in the Court of Common Pleas in 1836, and took out an execution thereon. Within a year from the rendition of that judgment, and at a time when he might have renewed the execution, he sued an action upon that judgment. Judgment was recovered upon default in the District Court in 1847, for both debt and cost; and thereupon an execution was issued in 1847.

The Revised Statutes, passed in 1841, ch. 115, § 96, provided, that no cost should be allowed in an action founded upon a judgment, if commenced within the time, when an execution might have been issued thereon.

This writ is brought to reverse or correct the said last named judgment, on the ground that the costs therein were unlawfully allowed. *In nullo est erratum* was pleaded.

*Abbott,* for the plaintiff in error.

*Hutchinson, contra.*

HOWARD, J. — The defendant in error recovered judgment against the plaintiff in error in the Court of Common Pleas, in November, 1836; and, within a year from that time instituted a suit on that judgment, not being a trustee process, returnable to the same court, in November, 1837, and obtained another judgment thereon, in January, 1847, in the District Court, on default, for damages and costs. The error alleged is, that the last mentioned judgment was rendered for *costs,* contrary to the provisions of the Act of 1841, R. S. chap. 115, sect. 96. The plea, *in nullo est erratum,* is in effect a demurrer; and the single question presented is, whether the restrictions

of that section applied to suits pending at the time of the enactment of the statute.

By the statute of 1821, chap. 60, sect. 3, in force when the second suit was commenced, a party obtaining judgment " might have his execution thereon, at any time after the expiration of twenty-four hours after judgment rendered, and within one year after the entering up of such judgment." But if he neglected to take out execution within one year next after obtaining judgment, or to take an *alias* or *pluries* within one year next after a prior execution was returned not satisfied, he might sue out a writ of *scire facias*, or bring an action of debt on the judgment, without being restricted in the recovery of legal costs. Nor was any such restriction imposed, if he brought debt upon the judgment within the time in which he might have execution. But while the Revised Statutes contain a prohibition against the issuing of a *first* execution after the expiration of one year from the time judgment was entered, (chap. 115, sect. 104,) they provide, in section 105, that "an *alias* or *pluries* execution may be issued, within three years next after the day on which the last preceding execution was returnable, and not afterward." In section 96, it is provided, that "no costs shall be allowed the plaintiff, in an action upon a judgment of any court, or justice of the peace, on which an execution might, at the time of commencing such action, have been issued and duly served on the judgment debtor ; provided this section shall not apply to any trustee process, founded on such judgment." The provisions of this section were intended for the new relations, to which it has reference, created by, or arising under that act, and were evidently prospective. The rights of parties in suits pending could not be affected by its passage, unless by a retrospective operation. This is not admissible, when an intention to give it a retroactive effect is not clearly expressed in the enactment. *Dash* v. *VanKleek,* 7 Johns. 503 ; *Hastings* v. *Lane,* 15 Maine, 134; *Torry* v. *Corliss,* 33 Maine, post.

The statute referred to, as restricting the original plaintiff

in the recovery of costs, being prospective in its operation, did not apply to actions pending, and, therefore, the error assigned is not supported.

*Judgment of the District Court affirmed.*